By the Court.
 

 While it is true that abandon
 
 *270
 
 ment of service under the old certificates may have been accomplished by the order, it cannot be strictly said that the service was wholly abandoned; it was rather a change or substitution in the character of that service. The service was still continued, but under a single certificate unifying the former service and co-ordinating operation; and by reason of this unification the public is given a much more convenient and better service along the entire route.
 

 Plaintiff in error contends that the Public Utilities Commission was without jurisdiction to make the orders, complained of; and that abandonment of service by a motor transportation company can only be secured by a compliance with what is usually called the Miller Act, Sections 504-2 and 504-3, General Code. The Miller Act does not apply, nor is it intended to apply, to motor transportation companies, as an inspection of its context clearly discloses. Regulation of motor transportation companies, their operation, and their abandonment of service are all comprehended within the terms of the Motor Act, Section 614-85
 
 et seq.,
 
 General Code, which also authorizes the commission to adopt rules and regulations affecting them (Section 614-86, General Code). Under the broad powers conferred upon the Public Utilities Commission by the latter section the commission had complete authority to substitute, co-ordinate, and consolidate under a single certificate the same or substantially the same service theretofore given the public between Columbus and Pomeroy under the various several certificates of public convenience and necessity theretofore issued. The commission found that public convenience and necessity for making such orders
 
 *271
 
 existed; and in that respect we do not find that its orders were against the evidence adduced by the parties to the hearing.
 

 Orders affirmed.
 

 Marshall, C. J., Kjnkade, Robinson, Jones, Matthias and Allen, JJ., concur.